UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY P. CARLSEN,<br>      Plaintiff, | )<br>)<br>) |
| V. | ) CIVIL ACTION NO. 11-11650-GAO |
| CARI A. CARLSEN,<br>      Defendant. | )<br>)<br>) |

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons set forth below: (1) Plaintiff Jeffrey P. Carlsen's request to proceed *in forma pauperis* (contained in the Petition for Civil Relief) is <u>DENIED</u>; (2) the Petition for Civil Relief is <u>DENIED</u>; (3) this action is <u>DISMISSED</u> in its entirety; and (4) Plaintiff is <u>PROHIBITED</u> from filing any further pleadings or requests for relief (in any form), or any new civil actions, that assert matters alleged in his prior litigation in this Court stemming from the New Hampshire Protective Order or his Massachusetts criminal conviction arising out of that Order.

BACKGROUND

This action is Carlsen's fourth attempt to seek relief from his Massachusetts state conviction based on his violation of a New Hampshire Protective Order. The relevant litigation background is set forth below.

I.. <u>Prior Related Litigation</u>

    A.    <u>Carlsen v. DiPaola, Civil Action No. 11-11100-RWZ</u>

On June 13, 2011, Plaintiff Jeffrey Carlsen ("Carlsen"), a convicted prisoner in custody at the Billerica House of Correction in Billerica, Massachusetts, filed two self-prepared pleadings entitled *Ex Parte* Request for Federal Injunctive Relief seeking an immediate hearing.

See Carlsen v. DiPaola, Civil Action No. 11-11100-RWZ. Carlsen alleged that his present incarceration was unlawful, and challenged his state conviction in Massachusetts for violation of a New Hampshire Protective Order (restraining order) obtained by his ex-spouse, Cari Carlsen.

The relevant background, as found by Judge Zobel, is as follows. In May, 2009, Cari Carlsen ("Cari") sought an extension of an abuse prevention Protective Order against Carlsen in the Lowell District Court in Massachusetts pursuant to Mass. Gen. Laws § 209A, but her request for an extension was denied. Carri also sought a Protective Order in the State of New Hampshire (Docket No. 2010-0542), because Carlsen allegedly resided in New Hampshire. The New Hampshire Court granted the request and issued a Protective Order on July 16, 2009. That Protective Order later was extended on August 4, 2010 through July 2011. At some point thereafter, Carlsen was criminally charged in Massachusetts with violating the New Hampshire Protective Order. A jury trial was held on July 7, 2011, and he was found guilty. On June 22, 2011, Judge Zobel issued a Memorandum and Order (Docket No. 4) construing Carlsen's pleadings as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction. Carlsen was directed to show cause why the habeas petition should not be dismissed for failure to exhaust state remedies.

On June 15, 2011, Judge Zobel issued a Memorandum and Order For Dismissal (Docket No. 7), dismissing the habeas petition for failure to exhaust state remedies.

B.   Carlsen v. Carlsen, Civil Action No. 11-11119-MLW

On the heels of the dismissal of the habeas petition, on June 20, 2011, Carlsen filed a civil action against his ex-wife. He alleged that on May 9, 2007, Cari knowingly provided false information to a police officer, claiming abuse of her and her children. Carlsen also alleged that

a week later, Cari provided false information to the New Hampshire Superior Court in Nashua, claiming abuse. He further contended that on May 22, 2007, she knowingly provided false information to the Lowell District Court, again claiming abuse of her and her children. Next, Carlsen contended that she committed acts of fraud by seeking a protective order in New Hampshire because New Hampshire was not the proper venue to seek such relief. Finally, Carlsen alleged a conspiracy to commit fraud (generally) as well as mail fraud against the United States, by providing the false information to the state court. As a result, Carlsen claims he was improperly sentenced and incarcerated. He sought to have a criminal complaint against Cari Carlsen to answer for perjury, fraud, conspiracy, and mail fraud.

On July 1, 2011, Chief Judge Wolf issued a Memorandum and Order for Dismissal (Docket No. 2), dismissing the action *sua sponte* because a private citizen may not bring a criminal action against another.

    C.    <u>Carlsen v. DiPaola, Civil Action No. 11-11498-RGS</u>

Again, on the heels of dismissal of his prior action, Carlsen filed, on August 23, 2011, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his June 7, 2011 conviction, essentially on the same grounds asserted in his prior civil actions (*i.e.*, that the trial judge improperly admitted evidence, that there was no probable cause for the criminal complaint against him to issue, and that Massachusetts law was not followed by Cari or by the Lowell District Court staff). This time, Carlsen asserted he had exhausted all of his state remedies.[1]

---

[1] In an attachment to his habeas petition, Carlsen submitted a copy of his Motion to Reconsider (the denial) of his Motion to Dismiss, in the case <u>Commonwealth v. Carlsen</u>, Docket No. 11CR1890, 1011CR3364, 1011CR5340, 1011CR 5239 and 1011CR6639. On that copy is a judicial endorsement dated April 20, 2011 denying the motion, stating that "[t]his Court shall give full faith and credit to an order for protection issued in another jurisdiction. The language

3

This action was referred to Magistrate Judge Collings for a Report and Recommendation, and remains pending.

II.     The Instant Action

On September 16, 2011, Carlsen filed a four-page self-prepared pleading entitled "Petition for Civil Relief." Compl. (Docket No. 1). He did not include a caption in the pleading; however, his Civil Cover Sheet attached to the pleading identifies the case as Jeffrey P. Carlsen v. Cari A. Carlsen. In the Petition for Civil Relief (which this Court construes as his Complaint for purposes of this Memorandum and Order), Carlsen purportedly seeks civil relief under 28 U.S.C. § 1441, but he fails to provide any facts or allegations supporting removal. Among other things, he asks this Court for an expedited hearing "due to being incarcerated by the State of Massachusetts." Comp. at 4. He also seeks a Declaration that the New Hampshire Protective Order issued to Cari was invalid and void (since July 16, 2009). In support of his requests, he reasserts his allegations that the New Hampshire Protective Order issued to his Cari was based on false information supplied by her. He also contends that because she could not obtain an extension of a protective order in Massachusetts, she "forum-shopped" in order to obtain one in New Hampshire. Further, he asserts that New Hampshire improperly issued the Protective Order to a non-resident. Finally, he contends that he has exhausted his state remedies to the highest court in New Hampshire, to no avail.

In the body of his petition, Carlsen asks that the filing fee be assessed against his canteen account; however, he failed to file an application to proceed without prepayment of the filing fee.

---

of the second paragraph of c. 209A, § 5A is discretionary." Exh., (Docket No. 1-1 at 34).

DISCUSSION

I.      The Filing Fee

A party bringing a civil (non-habeas) action must either (1) pay the $350.00 filing fee, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings *in forma pauperis*).[2] Where, as here, Carlsen is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Additionally, any plaintiff moving to proceed without prepayment of the filing fee must submit an affidavit that "includes a statement of all assets such prisoner possesses [showing] that the person is unable to pay such fees or give security therefor" and "state[s] the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

As noted above, Carlsen seeks to proceed *in forma pauperis*, but he has not complied with the requirements of the statute either in submitting his prison account statement, or in filing the required financial affidavit.[3]

---

[2]The same is true with respect to the $350.00 removal fee.

[3]The affidavit requirement contained in the *in forma pauperis* statute serves a deterrent function. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 205 (1993). In Rowland, the United States Supreme Court stated: "[o]ne who makes this affidavit exposes himself 'to the pains of perjury in a case of bad faith.' ... This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." Id. at 205 (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 338, (1948) quoting Pothier v. Rodman, 261 U.S. 307, 309 (1923)). The perjury sanction is an important requirement in protecting the public against misuse of public funds by a litigant who has sufficient funds of his or her own, and against the filing of "frivolous or malicious" lawsuits

5

Accordingly, this Court <u>DENIES</u> Carlsen's request to proceed *in forma pauperis* (contained in the Petition for Relief). In light of the *sua sponte* dismissal of this action, however, for the reasons set forth below, the Court need not afford Carlsen an opportunity to cure the defects in his *in forma pauperis* request.

II.  The Complaint is Subject to Preliminary Screening

As noted above, Carlsen has not indicated who the adverse party is in this action.[4] He names Cari in the Civil Cover Sheet, but his claims appear to be directed against the State of New Hampshire. Thus, to the extent that he seeks an Order vacating the New Hampshire Protective Order, the Court presumes that some unidentified governmental entity would be the proper Defendant, rather than his ex-wife Cari. In the event this action involves a governmental defendant, this Court would have authority to screen this action, under 28 U.S.C. § 1915A.[5] In any event, no matter who the Defendant is, this Court has inherent authority to review Carlsen's action to determine if it is frivolous as that term is used in legal parlance. See <u>Mallard v. United</u>

---

funded by the public. <u>Rowland,</u> 506 U.S. at 205.

[4] In this regard, Carlsen materially fails to state plausible claims upon which relief may be granted, in accordance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); see <u>Rivera v. Rhode Island</u>, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" <u>Díaz-Rivera v. Rivera-Rodríguez</u>, 377 F.3d 119, 123 (1st Cir. 2004) (quoting <u>Rodríguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1172 (1st Cir. 1995)).

[5] Section 1915A authorizes the Court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

States District Court, 490 U.S. 296, 307-08 (1989) (courts have authority to dismiss a frivolous or malicious lawsuits even in absence of any specific statutory provision); Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) ("district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources" and district court properly dismissed frivolous case, even in a fee-paying case).[6]

A court may also dismiss a complaint on its own motion for failure to state a claim upon which relief may be granted. See Gaffney v. State Farm Fire and Cas. Co., 294 Fed. Appx. 975, 977 (5th Cir. 2008) (unpublished decision). Further, apart from the authority to screen cases on the merits, the Court also has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction.[7]

In connection with this preliminary screening, Carlsen's pleadings are construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st

---

[6]See also Bustos v. Chamberlain, 2009 WL 2782238, *2 (D.S.C. 2009) (noting that the court has inherent authority "to ensure a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous") citing, *inter alia*, Mallard, 490 U.S. at 307-308; Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) (where a § 1915 screening was not applicable because a *pro se* party paid the filing fee, the Court still had inherent authority "wholly aside from any statutory warrant" to act *sua sponte*); and Rolle v. Berkowitz, 2004 WL 287678, *1 (S.D.N.Y. 2004) (*sua sponte* dismissal in fee-paying pro se case is warranted where the claims presented no arguably meritorious issue to consider).

[7]See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action."). See also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

Cir. 2000). Nevertheless, even under a broad reading, this action must be dismissed for the various reasons set forth below.

III.     The Rooker-Feldman Doctrine Bars Claims

Under the Rooker-Feldman doctrine, this Court lacks jurisdiction to declare the New Hampshire Protective Order null and void, or to otherwise render an opinion that calls into question the New Hampshire Court's determination as to the validity of the Protective Order.

The Rooker-Feldman doctrine is a distillation of two Supreme Court decisions: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision. See Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994); Exxon Mobil Corp. v. Saudi Basic Industries Corp., Inc., 544 U.S. 280 (2005) (doctrine applies to cases by state court losers seeking review and rejection of state court judgments rendered prior to commencement of federal suit). The Rooker-Feldman doctrine "is jurisdictional, and [it] . . . cannot be ignored." Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 33 n.7 (1st Cir. 2004) (citations omitted).[8]

---

[8]Here, by Carlsen's own statements, he is the "state-court loser." The assertion that he cannot obtain justice in the state courts raises a challenge to those decisions, suggesting that application of the Rooker-Feldman doctrine is warranted. "Post-Exxon, the lower courts cannot rely on Rooker-Feldman to dismiss a case unless, *inter alia*, the federal plaintiff seeks redress of an injury caused by an allegedly erroneous state court decision; if the plaintiff alleges a constitutional violation by an adverse party independent of the injury caused by the state court judgment, the doctrine does not bar jurisdiction." Davison v. Government of Puerto Rico-Puerto Rico Firefighters Corps., 471 F.3d 220, 222 (1st Cir. 2006) (emphasis in original). Here, Carlsen alleges constitutional violations by the New Hampshire Court (as well as the Massachusetts state courts in upholding the validity of the New Hampshire Protective Order by applying full faith and credit to that Order). In light of Carlsen's challenges effectively seeking to reverse those

8

IV.   The Claims are Barred by the Favorable Termination Rule

Even if Rooker-Feldman did not apply, Carlsen's claims nevertheless are barred by the "Favorable Termination Rule" of Heck v. Humphrey, 512 U.S. 477 (1994). Under the Favorable Termination Rule:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 486-87 (footnote omitted). Without such a showing of a favorable termination, a person's cause of action [for civil rights violations] has not yet accrued. Id. at 489. The Favorable Termination Rule has been extended to a wide variety of prisoner challenges to state disciplinary and parole procedures for damages where success "would, if established, necessarily imply the invalidity of the deprivation...." Edwards v. Balisok, 520 U.S. 641, 646 (1997). When considering the potential intersection of habeas relief and civil rights claims:

> ... the [Supreme] Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody.

Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). In other words, a state prisoner's civil rights claim is barred "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82. If the civil rights claim would either directly or indirectly result in

---

adverse state decisions, application of Rooker-Feldman is warranted.

9

speedier release, which properly lies at "the core of habeas corpus," it cannot be brought under 42 U.S.C. § 1983. Id. (citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)).

Here, it is clear that Carlsen is, again, attempting to challenge his state criminal conviction (and his continued detention), by couching his pleading as a Petition for Civil Relief. The relief he seeks is substantially identical to that initial sought in Carlsen v. DiPaula, Civil Action No. 11-11100-RWZ, where he filed two pleadings entitled *Ex Parte* Request for Federal Injunctive Relief seeking an immediate hearing. As noted above, Judge Zobel construed the pleadings as a petition for habeas relief pursuant to 28 U.S.C. § 2254. This Court finds there is no basis to treat the instant Petition for Relief any differently. It is clear that Carlsen's claims are the same that are the subject of his pending § 2254 habeas petition before Judge Stearns and Magistrate Judge Collings. Thus, until Carlsen is able to vacate his criminal conviction, he may not obtain civil (non-habeas) relief in any form (such as a Declaratory Judgment that the New Hampshire Protective Order was invalid and void). The Favorable Termination Rule squarely applies to bar the claims for relief raised in this Petition for Relief.

V.     Lack of Removal Jurisdiction

As a final matter, Carlsen has raised his claim for civil relief purportedly pursuant to the Court's removal jurisdiction under 28 U.S.C. § 1441. Carlsen's attempt to remove his case to this Court, however, is to no avail, as this Court lack's removal jurisdiction over his claims, either under 28 U.S.C. § 1441, or 28 U.S.C. § 1443.

Section 1441 of Title 28 provides, in relevant part, that:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such

10

action is pending.

28 U.S.C. § 1441(a) (underline added).

Even if this Court construed Carlsen's pleading as a Notice of Removal under § 1441, it is defective. Under 28 U.S.C. § 1447(c), this Court has authority to examine a notice of removal to determine if removal is proper. If it appears that this Court lacks subject-matter jurisdiction, the Court must issue an order for summary remand. 28 U.S.C. § 1447(c); Adorno Enters., Inc. v. Federated Dep't. Stores, Inc., 629 F. Supp. 1565, 1567 (D. R.I. 1986) (§ 1447(c), which authorizes court to dismiss for lack of subject-matter jurisdiction, requires district court to act *sua sponte* where appropriate). Carlsen, as the party seeking to remove a case to federal court, has the burden of demonstrating the existence of federal jurisdiction. See BIW Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir.1997); In re Whatley, 396 F. Supp. 2d 50, 53 (D. Mass. 2005). The removal statute must be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action. In re Whatley, 396 F. Supp. at 53, citing Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir.1999).

Here, Carlsen utterly fails to meet his burden. Apart from the complete lack of identification of the state case(s) which Carlsen seeks to remove to this Court, there does not appear to any pending state case subject to removal, particularly where Carlsen has alleged in Court pleadings that he has exhausted all state court avenues for relief. Thus, Carlsen has not demonstrated sufficiently that this Court has removal jurisdiction under 28 U.S.C. § 1441.

Next, under 28 U.S.C. § 1443, the following classes of civil actions or criminal prosecutions may be removed by a defendant to federal court: (1) a prosecution "[a]gainst any person who is denied or cannot enforce" in state court "a right under any law providing for the

equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof"; and (2) a prosecution "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(1)-(2).

In order to remove a case pursuant to § 1443(1), a defendant must assert a "law providing for equal civil rights." In re Whatley, 396 F. Supp. at 54. This does not include [civil rights] laws such as 42 U.S.C. § 1983 "that confer equal rights in the sense, vital to our way of life, of bestowing them upon all." Id. citing 28 U.S.C.§ 1443(1); Georgia v. Rachel, 384 U.S. 780, 792 (1966); Lovely v. Laliberte, 498 F.2d 1261, 1263 (1st Cir. 1974). Rather, under § 1443 (1), a party must demonstrate that the right allegedly denied him: (1) arises under a federal law providing for specific civil rights stated in terms of racial equality; and that (2) he cannot enforce that specified civil right in state courts. Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (citations omitted). See also McCullough v. Ligon, 430 F. Supp. 2d 846 (E.D. Ark. May 11, 2006); Akhlaghi v. Berry, 294 F. Supp. 2d 1238 (D. Kan. 2003); Davis v. Glanton, 921 F. Supp. 1421, 1423 (E. D. Pa.1996) (Section 1443 (1) is rarely used as a basis for removal and is unavailable where assertions are grounded solely in the 1st and 14th Amendment).

Here, there are no allegations of racial bias the state criminal proceedings against Carlsen, nor has he alleged any facts that would reasonably fall into either type of prosecution set forth in § 1443. Thus, this Court lacks removal jurisdiction under § 1443.

Finally, Carlsen has failed to comply with the deadlines and procedures for removing a state action, as set forth in 28 U.S.C. § 1446(a). Accordingly, the case may be summarily remanded pursuant to 28 U.S.C. § 1446(c)(4).

Here, however, since there is no information concerning the state case(s) sought to be removed, remand cannot be accomplished in any meaningful fashion. Therefore, this action shall be DISMISSED *sua sponte* instead, and in light of all the reasons discussed above regarding the legal impediments to Carlsen's claims.

VI. Order Prohibiting Filing of Further Pleadings on Civil Actions Raising Same Issues

As noted above, this is Carlsen's fourth attempt to seek relief from his conviction based on the New Hampshire Protective Order. He currently has a § 2254 habeas petition pending. In light of this, his claims must be raised in the context of that pending action, and that action only. In order to ensure that the Court's scarce judicial resources are not wasted by further attempts by Carlsen to seek immediate relief based on the issues that have been raised in his prior cases, Carlsen is hereby PROHIBITED from filing any further documents, letters, motions, affidavits, petitions, amendments, supplements, or new Complaints which seek to obtain relief from the New Hampshire Protective Order, or from matters stemming from the Massachusetts criminal conviction.

Failure to comply with this directive may result in the imposition of sanctions against Carlsen.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's request to proceed *in forma pauperis* (contained in the Petition for Civil Relief) is DENIED;

2. The Petition for Civil Relief is DENIED;

3. This action is DISMISSED in its entirety; and

4. Plaintiff is PROHIBITED from filing any further pleadings or requests for relief (in any

13

form), or any new civil actions, that assert matters alleged in his prior litigation in this Court stemming from the New Hampshire Protective Order or his Massachusetts criminal conviction arising out of that Order.[9]

SO ORDERED.

/s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE

DATED: September 22, 2011

---

[9]This Order does not apply to the filing of a Notice of Appeal, or payment of the appellate filing fee or filing of a Motion for Leave to Proceed on appeal *in forma pauperis*. It also does not apply to any filings properly made in the pending habeas petition, Civil Action No. 11-11498-RGS.